### HANSEN MFG. CO. v. M & M CO.

(Circuit Court of Appeals, Sixth Circuit.  March 16, 1923.)

No. 3744.

**Patents ⬿328—1,207,392, claims 3 and 4, for hose connection, held not infringed.**

The Frazier & Hansen patent, No. 1,207,392, claims 3 and 4, for an improvement in a hose connection, with particular reference to a device by means of which the connection between an air supply hose and a pneumatic tire valve can be quickly and easily effected, which were limited by the prior art and by the restrictions imposed on the claims by the Patent Office to a narrow range of equivalents, *held* not infringed.

---

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by the Hansen Manufacturing Company against the M & M Company for infringement of a patent. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Charles E. Brock, of Cleveland, Ohio (Hull, Brock & West, of Cleveland, Ohio, on the brief), for appellant.

John F. Oberlin, of Cleveland, Ohio (Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This appeal involves the question of the infringement by appellee of the Frazier & Hansen patent (1,207,-392) now owned by the Hansen Manufacturing Company. This patent relates to an improvement in hose connection, and more particularly to a form of device by means of which the connection between the air supply hose and tire valve can be quickly and easily effected.

The appellee, the M & M Company, is a jobber and dealer in automobile accessories, located at Cleveland, Ohio, and when the bill of complaint was filed it was selling a valve known as the "Sturdy" air valve, manufactured by the Gray-Heath Company of Chicago, Ill., under United States letters patent No. 1,362,699, issued to B. L. Gray, as assignee of the inventor, Frank A. B. Holmes. The answer denied both validity and infringement. The District Court found no infringement and dismissed the bill. From this decree the plaintiff appealed.

It is insisted upon the part of the plaintiff appellant that the "Sturdy" valve or hose connection manufactured under the Gray patent infringes claims 3 and 4 of the patent in suit, which claims define the measure of the invention and read as follows:

"3. In a hose connection, the combination with a casing of a valve and nut for securing said valve, said valve comprising a movable stem provided with an air inlet and passage, a disk positioned within the casing and upon the stem and adapted to open and close the inlet of said stem, and an elastic cushion arranged at the outer end of the stem surrounding the passage of said stem, said outer end being within the nut as set forth.

"4. A device of the kind described, comprising a case having an air inlet, an apertured disk arranged within said case, a stem arranged in said case and within the disk, said stem having an air inlet and passage, that portion of the stem within the disk being reduced and having the air inlet, said disk being of a thickness to normally close said inlet, said stem being movable with reference to said disk whereby said inlet is opened."

It appears, not only from an examination of the prior art, but also from the limitations and restrictions imposed by the Patent Office upon the claims of the patent in suit that the Frazier & Hansen invention is specific in character and confined to a narrow range of equivalents. R. Holmes, No. 597,415; Cordeau, No. 623,135. It is clear that the Gray invention substantially differs from the invention of the patent in suit, and that the Gray structure does not come within

the range of equivalents of the Frazier & Hansen patent. The claims in suit clearly and fully describe the plaintiff appellant's valve.

Instead of a disk positioned within the casing and upon the stem and adapted to open and close the inlet of the stem, as in Frazier & Hansen, there is mounted in the Gray device, on the top of the threaded portion of the stem and within the upper chamber or cylinder of the casing, a differential piston valve fastened in place by a nut. Upon the lower surface of this piston valve is a gasket ring, which, in closed position, seats upon the upper surface of the nut or mouthpiece screwed into the lower threaded portion of the casing. There are two air inlets into the chamber or cylinder in which the differential piston valve operates—one at the lower, the other at the upper, part. When the stem is forced upward by pressure of the tire valve on the stem, a transverse duct in the stem is brought into apposition with the lower inlet, permitting the air to escape from the supply tube through this lower inlet, transverse duct, and longitudinal duct in the stem into the tire tube. When that is accomplished, and pressure of the tire valve is removed, the pressure of air from the upper inlet in the casing forces the piston valve downward, closing the lower air inlet and holding the gasket firmly upon the upper surface of the shoulders of the nut or mouthpiece, forming thereby an air-tight seal wholly independent of the fiber or rubber washer in the recess beneath this shoulder, which, unlike the disk in Frazier & Hansen, functions only when the device is in operation to prevent the escape of air, except through the longitudinal duct in the stem.

It is apparent, therefore, that the valve of the Gray patent is not only constructed upon an entirely different principle, but functions in an entirely different manner from the valve of the patent in suit, and that the flexible disk, which is the characteristic feature of Frazier & Hansen, finds no equivalent in defendant's structure.

The judgment of the District Court is affirmed.